# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IZIAH E. ENNIS, | * |
| Petitioner, | * |
| v. | * Criminal No. RWT-13-0284 |
| | * Civil No. RWT-16-1835 |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

## MEMORANDUM OPINION

Petitioner Iziah E. Ennis ("Ennis") was indicted for one count of conspiracy to distribute and to possess a controlled substance. ECF No. 1. Ennis pled guilty to the charge as part of a plea agreement with the Government. ECF No. 67. Now pending before the Court is Ennis's petition under 28 U.S.C. § 2255 ("§ 2255 Motion") to set aside the judgment and correct his sentence without a career offender classification under United States Sentencing Guidelines § 4B1.1 ("U.S.S.G.") primarily based on the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 101.

## BACKGROUND

Pursuant to a Rule 11(c)(1)(c) plea agreement, Ennis pled guilty on April 23, 2014 to one count of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. *See* ECF Nos. 66-1, 67. Ennis waived appellate review and agreed to a sentence between 96 to 144 months. *See* ECF No. 67 at 4–7 (agreeing that the final offense level was either 25 or 31 depending on Ennis's status as a career offender under the U.S.S.G.). The Presentence Investigation Report ("PSR") identified a lengthy criminal history, including: a 1997 felony robbery conviction in Maryland and a 2004 assault on a police officer while armed

with a dangerous weapon ("APODW") conviction in Washington, DC. *See* ECF No. 83 at 6–7, 17 (describing Ennis's APODW conviction for striking an officer with his automobile and pulling out a semi-automatic handgun during an attempted traffic stop). The PSR recommended a sentence of 188 months, based on a criminal history category of VI and a final offense level of 31, which equates to a guideline range of 188 to 235 months. *See id.* at 11, 17. On August 5, 2014, this Court sentenced Ennis to a variant, below guidelines term of imprisonment of 144 months, followed by four years of supervised release. *See* ECF No. 94 at 2–3.

On June 1, 2016, Ennis filed the instant § 2255 Motion. *See* ECF No. 101. On August 11, 2017, Ennis submitted a Supplement in support of his original Motion. *See* ECF No. 104. The Government responded in opposition on September 29, 2017, *see* ECF No. 107, and Ennis replied in support of his Motion on October 27, 2017, November 21, 2017, and January 22, 2018, *see* ECF Nos. 108–10.

## DISCUSSION

Under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255 (2012); *see also Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255 (2012). Ennis makes two primary arguments challenging his career offender status: [1] to the extent that his prior convictions were crimes of violence under § 4B1.2(a)(2)'s residual clause, that clause is void for vagueness pursuant to *Johnson*, and [2] his prior convictions do not qualify as crimes of

violence under the § 4B1.2(a)(1)'s force clause. *See* ECF Nos. 101, 104, 108–110. The Court finds that these arguments do not have any legal basis.

To begin, Ennis's Motion is likely time-barred as it was filed more than one year after his sentence became final and does not present any new rule of constitutional law.[1] *See, e.g.*, *United States v. Brown*, 868 F.3d 297, 303–04 (4th Cir. 2017) (affirming that a petitioner's motion was untimely because neither *Johnson* nor *Beckles* recognized a new constitutional right regarding § 4B1.2(a)(2)'s residual clause); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001); *accord* 28 U.S.C. § 2255(f). Additionally, because Ennis did not appeal, and thus failed to raise any challenge to his career offender status on appeal, these claims are procedurally defaulted. *Accord United States v. Frady*, 456 U.S. 152, 164–65 (1982).

However, assuming *arguendo* that *Johnson* provides Ennis with an avenue for overcoming the untimeliness and procedural default of his Motion, it would still fail because his claims are facially meritless. *See United States v. Foote*, 784 F.3d 931, 940–44 (4th Cir. 2015) (finding that lawful sentences based on errors in the application of the U.S.S.G., including erroneous designations as a career offender, do not constitute cognizable claims under 28 U.S.C. § 2255); *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999) ("[M]isapplication of the sentencing guidelines does not amount to a miscarriage of justice.").

---

[1] A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f) (2008).

**I.    *Beckles* forecloses Ennis's *Johnson* argument.**

Ennis argues that his career offender status was improper on the basis that his prior robbery and APODW convictions were not crimes of violence because § 4B1.2(a)(2)'s residual clause is unconstitutionally vague.[2] *See Johnson*, 135 S. Ct. at 2557 (finding the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), to be unconstitutionally vague); ECF No. 101 at 2. However, in *Beckles v. United States*, the Supreme Court foreclosed the application of *Johnson* to the U.S.S.G. 137 S. Ct. 886, 895 (2018). In *Beckles*, the Supreme Court distinguished the residual clause in the career offender status of the U.S.S.G. because the guidelines are advisory and thus "not subject to vagueness challenges under the Due Process Clause." *See id.* at 890–891; *e.g.*, *United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017). Accordingly, Ennis's vagueness challenge lacks merit.

**II.    Ennis's prior convictions are crimes of violence under § 4B1.2(a)(1)'s force clause.**

Ennis's two prior convictions qualify as crimes of violence under the § 4B1.2(a)(1)'s force clause as well. Under the categorical approach, courts examine a prior conviction based on the way the law defines the offense rather than the facts of that particular offense. *See Descamps v. United States*, 570 U.S. 254, 261 (2013). The conviction qualifies as a predicate offense if the least culpable act under the relevant statute "matches or is narrower than the [g]uidelines' definition for [a] 'crime of violence.'" *See United States v. Salmons*, 873 F.3d 446, 448 (4th Cir. 2017) (internal citations omitted). This Court has cautioned against analysis that "strains common sense." *See United States v. Moreno-Aguilar*, 198 F. Supp. 3d 548, 554 (D. Md. 2016) (finding murder to be a crime of violence); *see also Gonzales v. Duenas-Alvarez*,

---

[2] Ennis reiterates this argument with additional case law, examining *Johnson* as it relates to the ACCA. *See* ECF Nos. 109 at 1–2, 110 at 2–3 (citing *United States v. Taylor*, 272 F. Supp. 3d 127 (D.D.C. 2017); *United States v. Wilson*, 249 F. Supp. 3d 305 (D.D.C. 2017)). These arguments are likewise unavailing because Ennis's career offender status relates to the U.S.S.G.

549 U.S. 183, 193 (2007) ("[T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language."). Relying on inapposite case law regarding the ACCA and robbery statutes from North Carolina, Virginia, Texas, and Iowa, Ennis argues that his convictions lack the necessary force required to be predicate offenses under § 4B1.2(a)(1)'s force clause.[3] However, these arguments miss the mark.

Ennis's Maryland robbery conviction is a crime of violence under the force clause. Robbery in Maryland retains its common law definition as "the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence, or by putting him in fear . . . ." *Coles v. State*, 821 A.2d 389, 394 (Md. 2003) (quoting *Darby v. State*, 239 A.2d 584, 588 (Md. Ct. Spec. App. 1968)). Maryland has historically included the presence of force or threat of force within the analysis of robbery.[4] *See id.* at 385. Indeed, the editorial notes to the U.S.S.G. explicitly list robbery as a crime of violence. *See* U.S. Sentencing Guidelines Manual § 4B1.2, cmt. n.1; *United States v. Mobley*, 687 F.3d 625, 629 (4th Cir. 2012); *see also Riley*, 856 F.3d at 329. Additionally, the Fourth Circuit determined that Maryland robbery's common law definition is a crime of violence under the force clause because "[it] requires a finding of the use of force (a taking 'by the use of violence') or threatened use of force (a taking 'by putting in fear')." *United States v. Wilson*, 951 F.2d 586, 588 (4th Cir. 1991)

---

[3] *See* ECF No. 104 at 7, 9–11, 14–16 (citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Winston*, 850 F.3d 677 (4th Cir. 2017); *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016); *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016); *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016); *Jones v. Commonwealth*, 496 S.E.2d 668 (Va. Ct. App. 1998)).

[4] Maryland Code Article 27 § 486 (which later became Maryland Code § 3-401) was amended in 2000 to include the language "obtaining the services of another by force or threat of force." *See also Coles v. State*, 821 A.2d 389, 395 (Md. 2003) ("The hallmark of robbery, which distinguishes it from theft, is the presence of force or threat of force, the latter of which also is referred to as intimidation.") (internal citations omitted).

(internal citations omitted).[5] Therefore, Ennis's Maryland robbery conviction qualifies as a crime of violence under both the force and residual clauses.

It is also well established that Ennis's D.C. APODW conviction in 2004 is a crime of violence under the force clause.[6] D.C. Code Ann. § 22-405 (West 2004) (current version at D.C. CODE § 22-405 (2016)). In fact, Ennis's own brief cites *United States v. Abdullah*, where D.C. APODW was found to be a crime of violence under the force clause. No. 91-5146, 1992 U.S. App. LEXIS 12243, at *4 (4th Cir. May 27, 1992); ECF No. 104 at 19–22. Indeed, Ennis's D.C. APODW conviction qualifies as a crime of violence under both the force and residual clauses.

To the extent that Ennis claims ineffective assistance of counsel on the basis of counsel's failure to challenge his career offender status, *see* ECF No. 108 at 4–5, his challenge does not satisfy either prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Myers v. United States*, No. RWT-14-2428, 2015 U.S. Dist. LEXIS 75686, at *11 (D. Md. June 11, 2015) ("[D]efense counsel 'is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.'") (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990)).

## CERTIFICATE OF APPEALABILITY

Ennis may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Ennis has made a "substantial showing of the

---

[5] Although this precedent is prior to *Descamps*, Maryland robbery has repeatedly been found to qualify as a crime of violence under § 4B1.2(a)(2)'s residual clause. *See, e.g., Riley*, 856 F.3d at 329.
[6] According to the D.C. records, Ennis was charged under D.C. Code § 22-405(b), which was preceded by D.C. Code 1981 § 22-505(b). D.C. Code § 22-405(b) detailed a sentencing increase for an assault on an officer that involves the use of a deadly or dangerous weapon. In 2004, the statute stated:
  (a) Whoever without justifiable and excusable cause, assaults, resists, opposes, impedes, intimidates, or interferes with any officer or member of any police force . . . shall be fined not more than $5,000 or imprisoned not more than 5 years or both . . .
  (b) Whoever in the commission of any such acts uses a deadly or dangerous weapon shall be imprisoned not more than 10 years.
D.C. Ann. Code § 22-405 (Westlaw 2004) (current version at D.C. CODE § 22-405 (2016)).

denial of a constitutional right." 28 U.S.C. § 2253(c) (2012); *Hardy*, 227 F. App'x. at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x. 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Ennis's § 2255 Motion and finds them deficient. No reasonable jurist could find merit in any of Ennis's claims, and thus no certificate of appealability shall issue.

## CONCLUSION

Based on the foregoing, the Court finds that none of Ennis's claims have any legal basis. By separate order, Ennis's motion will be denied and no certificate of appealability shall issue.

Date: June 22, 2018　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　ROGER W. TITUS
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE